14-712-cv
Babb v. Capitalsource, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of January, two thousand fifteen.

PRESENT:  DENNIS JACOBS,
               REENA RAGGI,
               DEBRA ANN LIVINGSTON,
                       *Circuit Judges.*

-------------------------------------------------------------------------

LEE BABB, CHARLES FERRIS, CONSUELO FERRIS, MARTIN HOGAN, JANICE HOGAN, JOHN LOPES, JAMES McGOUGH, PRISCILLA McGOUGH, MARK PERRY, LISA PERRY, REBECCA RALSTON, JONATHAN THURROTT, NANCY TROSKE, INGRID WEBER, MATTHEW ZOCARO, JOHN ANCTIL, GISELE BARBOSA, CHRISTINE BERNAT, GEORGE BRANCH, GARY CROFOOT, PAUL DEMERS, JULIO GRILLO, MARY JONES, KARL JORGENSEN, OKSANA JORGENSEN, DONALD KADLEC, SANDRA LAPIDEZ, FRANCIS PARISEAU, DOROTHY CARPENTER-REID, MICHAEL RYAN, BENITA SCHRIEFER, WILLIAM SCHRIEFER, MICHAEL SILVER, FLAVIO TERZIS, KELLY WILLIAMS,

                    *Plaintiffs-Appellants*,

          v.                                 No. 14-712-cv

CAPITALSOURCE, INC., CITIGROUP, INC.,

CITIMORTGAGE, INC., COUNTRYWIDE HOME LOANS, INC., CROSS COUNTRY MORTGAGE, FIRST FRANKLIN INVESTMENT & LOAN, FLAGSTAR BANK, FSB, GMAC MORTGAGE, MERRILL LYNCH, MONEY WAREHOUSE, PNC FINANCIAL SERVICES, CINCINNATI FEDERAL SAVINGS AND LOAN, HOMEWARD RESIDENTIAL, JP MORGAN CHASE & CO., OCWEN FINANCIAL CORPORATION, PHH MORTGAGE, PROVIDENT FUNDING GROUP, INC., WILBER ROSS & CO., L.L.C., CHASE HOME FINANCE, LLC, CITIBANK, N.A., DEUTSCHE BANK NATIONAL TRUST CO., DEUTSCHE BANK TRUST CO., FIRST FRANKLIN LOAN SERVICES, THE PNC FINANCIAL SERVICES GROUP, INC., AURORA LOAN SERVICES, LLC, BANK OF AMERICA, N.A., DEUTSCHE BANK, AG, MORTGAGEIT, INC., U.S. BANK, N.A., WELLS FARGO, N.A.,

*Defendants-Appellees*,

FREMONT INVESTMENT AND LOAN CORP., SIGNATURE GROUP HOLDINGS, INC., ALLY FINANCIAL, INC.,

*Defendants*.[*]

------------------------------------------------------------------------

| FOR APPELLANTS: | Scott A. Kamber, KamberLaw, LLC, New York, New York. |
|---|---|
| FOR APPELLEES: | Joseph F. Yenouskas, Goodwin Procter LLP, Washington, D.C., and Jason O. Braiman, Goodwin Procter LLP, Los Angeles, California, *for* Countrywide Home Loans, Inc., First Franklin Investment & Loan, Merrill Lynch and Bank of America, N.A. |
| | Lisa J. Fried, Hogan Lovells US LLP, New York, New York, and Chava Brandriss, Hogan Lovells US LLP, Washington, DC, *for* Flagstar Bank, FSB, Provident Funding Group, Inc., U.S. Bank, N.A., and Wells Fargo Bank, N.A. |

---

[*] The Clerk of Court is directed to amend the official caption as shown above.

Joy Harmon Sperling, Day Pitney LLP, New York, New York, and Erick M. Sandler, Day Pitney LLP, Hartford, Connecticut, *for* Deutsche Bank, AG, and MortgageIT, Inc.

John M. Falzone, Parker Imbrahim & Berg LLC, New York, New York, *for* JP Morgan Chase & Co. and JP Morgan Chase Bank, N.A., successor by merger to Chase Home Finance, LLC.

Michael S. Kraut, Morgan, Lewis & Bockius LLP, New York, New York, *for* Deustche Bank National Trust Co.

Elliot C. Mogul, Arnold & Porter LLP, Washington, DC, and Anthony D. Boccanfuso, Arnold & Porter LLP, New York, New York, *for* Aurora Loan Services LLC.

R. Bruce Allensworth, Brian M. Forbes, and Robert W. Sparkes, III, K & L Gates LLP, Boston, Massachusetts, and David S. Versfelt, K & L Gates LLP, New York, New York, *for* Ocwen Financial Corporation and Homeward Residential.

Noah M. Weissman and Chris M. LaRocco, Bryan Cave LLP, New York, New York, *for* CitiMortgage, Inc., Citibank, N.A., and Citigroup Inc.

Amber Wessels-Yen, Alston & Bird LLP, New York, New York, *for* PHH Mortgage.

Julian W. Friedman, Ballard Spahr Stillman & Friedman, New York, New York, and David H Pittinsky, Ballard Spahr LLP, Philadelphia, Pennsylvania, *for* The PNC Financial Services Group, Inc.

3

Appeal from a judgment of the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 10, 2014, is REVERSED in part and AFFIRMED in part.

Plaintiffs appeal from the dismissal of their Second Amended Complaint ("SAC") for lack of jurisdiction under the so-called Rooker-Feldman doctrine, see District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); see also Fed. R. Civ. P. 12(b)(1), and the alternative dismissal of their claims under the Racketeering Influenced and Corrupt Organizations Act ("RICO"), Pub. L. No. 91–452, tit. IX, 84 Stat. 922, 941–48 (1970) (codified as amended at 18 U.S.C. §§ 1961–1968), for failure to state a claim, see Fed. R. Civ. P. 12(b)(6). Plaintiffs contend both that these decisions were incorrect and that dismissal should not have been ordered without allowing them to amend their complaint. See Fed. R. Civ. P. 15(a)(2). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to reverse the district court's jurisdictional holding and to affirm the judgment on the merits.

1.      Rooker-Feldman

On de novo review of the district court's application of Rooker-Feldman, see Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 83 (2d Cir. 2005), we identify error in light of our most recent controlling precedent, see Vossbrinck v. Accredited Home

4

Lenders, Inc., --- F.3d ----, No. 12-3647-cv, 2014 WL 6863669 (2d Cir. Dec. 8, 2014). Vossbrinck makes clear that plaintiffs' suit is not barred by Rooker-Feldman because the SAC seeks damages for injuries suffered as a result of defendants' alleged fraud and does not attempt to reverse or undo a state court judgment. See id. at *3. We therefore reverse the district court's holding that it lacked jurisdiction.

2.      Failure To State a RICO Claim

"We review de novo dismissal of a complaint for failure to state a claim upon which relief can be granted, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 113 (2d Cir. 2013) (internal quotation marks omitted).

To state a RICO claim predicated on mail or wire fraud, a complaint must "specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiffs contend the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." Moore v. PaineWebber, Inc., 189 F.3d 165, 173 (2d Cir. 1999); see also Fed. R. Civ. P. 9(b). "The plaintiffs must also identify the purpose of the mailing [or wire communication] within the defendant's fraudulent scheme." Moore v. PaineWebber, Inc., 189 F.3d at 173 (internal quotation marks omitted). "In addition, the plaintiffs must allege facts that give rise to a strong inference of fraudulent intent." Id. (internal quotation marks omitted).

Here, the SAC fails to plead the purportedly fraudulent statements with any particularity, fails to identify the purposes of the mailings or wire communications within

5

the fraudulent scheme, and fails to allege facts that might support a finding of fraudulent intent. Accordingly, we conclude that the district court was correct that the SAC's RICO claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

3.    Leave To Amend

No different conclusion is warranted because plaintiffs were denied leave to amend their complaint, a decision we review only for abuse of discretion. See Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008). Because plaintiffs were alerted to the deficiencies in their complaint at a pre-motion conference before filing the SAC, and because the district court was clear at that conference that it would not allow plaintiffs any more amendments after the SAC, the denial of another attempt to amend was not an abuse of discretion. See id. at 191–92.

We have considered plaintiffs' remaining arguments and conclude that they are without merit. We therefore REVERSE the district court's jurisdictional holding but, on the merits, AFFIRM the judgment of dismissal.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6