14-4541-cv
Riley v. Comm'r of Finance

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of October, two thousand fifteen.

PRESENT:   JOHN M. WALKER, JR.,
           REENA RAGGI,
                   *Circuit Judges*,
           KIYO A. MATSUMOTO,
                   *District Judge*.[*]

------------------------------------------------------------------------
BARBARA J. RILEY,

                   *Plaintiff-Appellant*,


           v.                                          No. 14-4541-cv


COMMISSIONER OF FINANCE OF THE CITY OF NEW YORK, CITY OF NEW YORK, KELVIN MYERS, NEIGHBORHOOD RESTORE HOUSING DEVELOPMENT FUND CORP., BX REALTY CORP. 1, JAY S. MARKOWITZ,

                   *Defendants-Appellees*.
------------------------------------------------------------------------

FOR APPELLANT:                    Barbara J. Riley, <u>pro se</u>, Jacksonville, Florida.

---

[*] The Honorable Kiyo A. Matsumoto, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR APPELLEES:                    Janet L. Zaleon, Assistant Corporation Counsel, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York, *for* City of New York *and* Commissioner of Finance of the City of New York.

Alex S. Avitabile, Esq., New York, New York, *for* Neighborhood Restore Housing Development Fund Corp.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brian M. Cogan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on October 29, 2014, is AFFIRMED.

Plaintiff Barbara J. Riley, proceeding pro se, appeals from the dismissal of her complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction. See Decision and Order, Riley v. City of New York, No. 14 Civ. 4482 (BMC) (E.D.N.Y. Oct. 29, 2014), ECF No. 48. The district court dismissed Riley's quiet-title action—which sought a declaration of ownership of property despite a tax-foreclosure judgment already entered against Riley in New York state court—pursuant to the Rooker-Feldman doctrine. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). We review de novo a district court's dismissal for lack of subject-matter jurisdiction, including a Rooker-Feldman dismissal. See Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 83 (2d Cir. 2005). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

2

Federal "appellate jurisdiction to reverse or modify a state-court judgment is lodged . . . exclusively in [the Supreme] Court."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283 (2005).  On that principle, the Rooker-Feldman doctrine bars a party who has already had a judgment entered against her in state court from initiating a federal action complaining of injuries caused by the state-court judgment and inviting federal review and rejection of that judgment.  See Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d at 85.

The district court here correctly dismissed Riley's action pursuant to Rooker-Feldman.  The complaint sought to remove six alleged clouds on Riley's claimed title to a Brooklyn property, as well as a declaratory judgment of free-and-clear ownership.  Riley's claimed ownership of the property, however, was already fully adjudicated and rejected in the prior state-court proceedings.  See In Rem Tax Foreclosure Action No. 51, Borough of Brooklyn, Index No. 8700/07 (N.Y. Sup. Ct. Feb. 26, 2013).  In Vossbrinck v. Accredited Home Lenders, Inc., 773 F.3d 423 (2d Cir. 2014), this court held that an action seeking a declaration of property ownership after loss of title pursuant to a state-court foreclosure judgment was barred by Rooker-Feldman. See id. at 426–28.  As in Vossbrinck, the district court in this case lacked subject-matter jurisdiction to review and reject the state-court foreclosure judgment and, therefore, correctly dismissed the action.

3

We have considered Riley's remaining arguments (none of which addresses the applicability of the <u>Rooker</u>-<u>Feldman</u> doctrine), and we conclude that they are without merit. Accordingly, the district court's judgment of dismissal is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court