**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term, 2013

(Submitted:September 23, 2013          Decided: December 8, 2014)

Docket Nos. 12-3647-cv, 12-4597-cv

------------------------------------------------------------X

KARL PAUL VOSSBRINCK,

*Plaintiff-Appellant*,

v.

ACCREDITED HOME LENDERS, INC., (DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ACCREDITED MORTGAGE LOAN TRUST ASSET BACKED NOTES, SUBSTITUTED PLAINTIFF),

*Defendant*,

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE ON BEHALF OF THE HOLDERS OF THE ACCREDITED MORTGAGE LOAN TRUST 2005-4 ASSET BACKED NOTES,

*Consolidated Defendant-Appellee*.

------------------------------------------------------------X

Before: LEVAL, HALL, and LOHIER, *Circuit Judges*:

Plaintiff-Appellant Karl Paul Vossbrinck appeals from a judgment of the United States District Court for the District of Connecticut (Eginton, *J.*) dismissing his claims on the grounds that they are barred by the *Rooker-Feldman* doctrine, barred by collateral estoppel, and untimely. While we agree that certain of Vossbrinck's fraud claims are barred by *Rooker-Feldman*, the district court erred in dismissing those claims on the merits. Instead, those claims should be remanded to state court, where Vossbrinck filed them initially before the defendants removed them to federal court. The judgment as to those claims is VACATED. Because Vossbrinck has waived any challenge to the district

court's collateral estoppel and timeliness rulings, and to the district court's dismissal of his non-fraud claims, the dismissal of Vossbrinck's remaining claims is AFFIRMED. The matter is REMANDED.

> Robert S. Catz, Law Office of Robert S. Catz, Sahuarita, AZ, *for Appellant*
>
> Peter F. Carr, II, Eckert Seamans Cherin & Mellott, LLC, Boston, MA, *for Appellee*

PER CURIAM:

Plaintiff-Appellant Karl Paul Vossbrinck ("Vossbrinck") appeals from a judgment of the United States District Court for the District of Connecticut (Eginton, *J.*) dismissing his claims against Accredited Home Lenders, Inc. ("Accredited") and Deutsche Bank National Trust Co. ("Deutsche Bank") (collectively, "Defendants") for fraud, negligent misrepresentation, unjust enrichment, violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, violations of Connecticut's truth in lending law, and violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.*, as well as "perjury," "forgery," and "predatory lending."

After losing title to his property in a state foreclosure action, Vossbrinck filed complaints against Defendants in state and federal court seeking damages and return of the property. Deutsche Bank removed the state suit to federal court, where the two actions were consolidated. Vossbrinck's amended complaint alleged that Defendants (1) violated state and federal laws in issuing and servicing his mortgage loan and (2) engaged in fraud during the state foreclosure action. The district court dismissed the case on the grounds

that it lacked jurisdiction over Vossbrinck's claims under the *Rooker-Feldman* doctrine. The court also ruled that Vossbrinck's claims were barred by collateral estoppel and that most claims were time-barred.

We agree with the district court that it lacks jurisdiction over certain of Vossbrinck's fraud claims under the *Rooker-Feldman* doctrine. However, Vossbrinck first asserted these claims in his state court suit, which Deutsche Bank removed to federal court. After determining that it lacked jurisdiction, the district court should have remanded the barred claims to state court instead of dismissing them on the merits. We therefore vacate the judgment as to those claims so that they may be remanded to the state court. To the extent Vossbrinck has asserted fraud claims that are not barred by *Rooker-Feldman*, we affirm the district court's dismissal of the claims as untimely and barred by collateral estoppel, because Vossbrinck has not challenged those rulings on appeal. Similarly, we affirm the dismissal of Vossbrinck's non-fraud claims because Vossbrinck makes no arguments regarding them in his appeal.

## BACKGROUND

Vossbrinck obtained a loan from Accredited in 2005, secured by a mortgage on certain real property. In 2007, Accredited initiated foreclosure proceedings against Vossbrinck in Connecticut state court. Accredited subsequently assigned Vossbrinck's promissory note and mortgage to Deutsche Bank, which was substituted as plaintiff in the foreclosure action. The state court entered a Judgment of Strict Foreclosure in favor of Deutsche Bank in June 2011.

After entry of the state judgment, Vossbrinck filed a *pro se* complaint against Defendants in federal court. His federal complaint alleged that Defendants had violated various state and federal laws in issuing and servicing his loan. Subsequently, after trying and failing to have the foreclosure judgment set aside in the original foreclosure action, Vossbrinck filed a new action in state court, alleging that Defendants had engaged in fraud during the foreclosure proceedings. Deutsche Bank removed the state action to federal court, where Vossbrinck's two actions were consolidated.

Vossbrinck's Amended Combined Complaint (the "Complaint") merges his prior state and federal complaints. The Complaint alleges that Accredited violated RESPA, TILA, and state law in issuing and servicing Vossbrinck's loan (Vossbrinck's "lending claims"). The Complaint also alleges that Accredited and Deutsche Bank committed fraud and misrepresentation before the state court during the foreclosure action (Vossbrinck's "fraud claims"). As a remedy for his fraud claims, Vossbrinck seeks title to his property, immediate tender of the property, declaratory relief, and punitive damages. In his brief on appeal, Vossbrinck asks this court to declare the foreclosure judgment "void for want of subject matter jurisdiction and for fraud." Pl.'s Brief 24.

The district court dismissed the Complaint, ruling that it lacked jurisdiction over Vossbrinck's claims under the *Rooker-Feldman* doctrine. In addition, the court ruled in the alternative that Vossbrinck's claims were barred by collateral estoppel and that most claims were time-barred. On appeal, now appearing through counsel, Vossbrinck has challenged only the court's dismissal of his fraud claims as barred by *Rooker-Feldman*.

4

**DISCUSSION**

Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005). The doctrine is rooted in the principle that "appellate jurisdiction to reverse or modify a state-court judgment is lodged . . . exclusively in [the Supreme] Court." *Id.* at 283. There are "four requirements for the application of *Rooker-Feldman*": (1) the federal-court plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by a state court judgment"; (3) the plaintiff "invite[s] . . . review and rejection of that judgment"; and (4) the state judgment was "rendered before the district court proceedings commenced." *Hoblock v. Albany Cnty. Bd. of Elecs.*, 422 F.3d 77, 85 (2d Cir. 2005) (internal alterations and quotation marks omitted). In this case, the factors numbered (1) and (4) are clearly satisfied. Vossbrinck lost in the state foreclosure action, and the foreclosure judgment was entered before Vossbrinck filed his first federal complaint.[1] We therefore focus on the second and third requirements.

*(1) Vossbrinck's Fraud Claims*

Vossbrinck alleges that Defendants engaged in fraud during the foreclosure action

---

[1]Although the state proceedings continued after entry of the foreclosure judgment, with Vossbrinck filing an appeal and a motion to reopen the judgment, Vossbrinck does not argue that the relevant state judgment was not "rendered before the district court proceedings commenced" for *Rooker-Feldman* purposes.

5

by (1) misrepresenting that they had standing to seek foreclosure, when in fact Accredited was not the holder of Vossbrinck's note and mortgage when the foreclosure action was initiated, and Deutsche Bank lacked standing to enter as substitute plaintiff; and (2) submitting fraudulent title documents in the state action.

To the extent Vossbrinck asks the federal court to grant him title to his property because the foreclosure judgment was obtained fraudulently, *Rooker-Feldman* bars Vossbrinck's claim. Vossbrinck "invite[s] . . . review and rejection" of the state judgment. *Id.* (internal alterations and quotation marks omitted). He is asking the federal court to determine whether the state judgment was wrongfully issued in favor of parties who, contrary to their representations to the court, lacked standing to foreclose. This would require the federal court to review the state proceedings and determine that the foreclosure judgment was issued in error. And the injury of which Vossbrinck "complains" in this claim for relief, and which he seeks to have remedied, is the state foreclosure judgment. This is evident from the relief Vossbrinck requests—title to and tender of his property and, in his brief on appeal, to have the state judgment declared "void." *Cf. Exxon Mobil*, 544 U.S. at 293 (*Rooker-Feldman*'s "paradigm situation" is where the plaintiff has "repaired to federal court to undo the [state] judgment").

While we agree with the district court that *Rooker-Feldman* bars such claims, the district court erred in dismissing these claims outright. Vossbrinck's claims that Defendants made fraudulent representations during the foreclosure action were removed by Deutsche Bank from state court to federal court. The *Rooker-Feldman* doctrine

pertains not to the validity of the suit but to the federal court's subject matter jurisdiction to hear it. *See id.* at 291. When a case has been removed from state court to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Thus, to the extent the barred fraud claims originated in Vossbrinck's state-court complaint, the district court's judgment dismissing the claims should be vacated and those claims remanded to state court. When a defendant is sued in state court on a claim appropriately brought in state court, which a federal court would be powerless to adjudicate, the defendant may not defeat the claim by removing it to federal court and then obtaining its dismissal on the grounds of the federal court's lack of jurisdiction. *Cf. Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 619-20 (2002).

To the extent Vossbrinck's *pro se* complaint can be liberally construed as asserting fraud claims that are not barred by *Rooker-Feldman*—because they seek damages from Defendants for injuries Vossbrinck suffered from their alleged fraud, the adjudication of which does not require the federal court to sit in review of the state court judgment—we nonetheless affirm the dismissal of those claims. The district court ruled in the alternative that all of Vossbrinck's fraud claims were barred by collateral estoppel and were time-barred. Vossbrinck did not challenge these rulings on appeal. Thus, to the extent Vossbrinck has stated claims of fraud that are not barred by *Rooker-Feldman*, we affirm their dismissal because Vossbrinck has waived any argument as to the district court's

alternative grounds for dismissal.[2]

---

[2] The Fifth and Sixth Circuits have addressed in published decisions cases with facts substantially similar to ours. The Fifth Circuit's decision in *Truong v. Bank of America*, 717 F.3d 377 (5th Cir. 2013), is consistent with our decision here. In *Truong*, the plaintiff alleged that the defendant bank misled her and the state court during an action for foreclosure by executory process because the bank lacked standing and submitted inauthentic evidence to the state court. *Id.* at 380-81. The plaintiff sought damages and a declaratory judgment that the bank lacked the evidence required to invoke foreclosure by executory process. *Id.* at 381, 384. The Fifth Circuit concluded that these claims were not barred by *Rooker-Feldman* because the plaintiff was not seeking to overturn or void the state judgment and instead sought damages for injuries caused by the bank's actions. *Id.* at 383-84. The court distinguished cases in which the plaintiff asked a federal court to declare a state judgment void on grounds of alleged fraud. *Id.* at 383 n.3.

The Sixth Circuit reached a different result in *McCormick v. Braverman*, 451 F.3d 382 (6th Cir. 2006). In *McCormick*, the plaintiff claimed, *inter alia*, that the defendants obtained title to certain property through fraud during a complex series of state-court proceedings. *Id.* at 385-88. As a remedy, the plaintiff sought title to the property and to have a state court order of receivership over the property declared void, as well as damages. *Id.* at 388. The Sixth Circuit ruled that these claims were not barred by *Rooker-Feldman* because they complained of injury caused by the defendants, rather than injury caused by the state court judgments. *Id.* at 392-93. It is not entirely clear to us whether the different result in *McCormick* is attributable to the factual complexity of the state proceedings in that case or to a different legal analysis, to the effect that, in the Sixth Circuit's view, *Rooker-Feldman* applies only when a plaintiff claims that the state judgment itself is unconstitutional or violates federal law. *See id.* at 392, 395. If the latter, we respectfully disagree.

We believe the Seventh Circuit's decisions in *Johnson v. Pushpin Holdings, LLC,* 748 F.3d 769, 773 (7th Cir. 2014), *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 645-47 (7th Cir. 2011), and *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 604-05 (7th Cir. 2008) are in substantial agreement with our analysis. In two cases, the Third and Seventh Circuits have found that the *Rooker-Feldman* doctrine did not bar allegations that a state judicial process was corrupted by conspiracy in violation of due process. *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 170-73 (3d Cir. 2010); *Loubser v. Thacker*, 440 F.3d 439, 441-42 (7th Cir. 2006).

*(2) Vossbrinck's Lending Claims*

Vossbrinck made no arguments on appeal challenging the district court's dismissal of his "lending claims." We therefore affirm the dismissal of these claims.[3]

## CONCLUSION

For the foregoing reasons, the district court's judgment is hereby **AFFIRMED in part, VACATED in part**, and **REMANDED** for further proceedings consistent with this opinion.

---

[3]The "lending claims" originated in the complaint Vossbrinck initially filed in federal court. They were not removed from state court. Thus, to the extent the district court dismissed these claims on *Rooker-Feldman* grounds, it was not error for the court to dismiss the claims outright instead of remanding them to state court.