15-78-cv
Lajaunie v. Samuels & Son Seafood Co.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of August, two thousand fifteen.

PRESENT:  GUIDO CALABRESI,
          REENA RAGGI,
          RICHARD C. WESLEY,
                    *Circuit Judges.*

------------------------------------------------------------------------

PHILIPPE LAJAUNIE, 15 JOHN CORPORATION,
                    *Plaintiffs-Appellants*,

          v.                                    No. 15-78-cv

SAMUELS AND SON SEAFOOD CO., INC.,
SALDUTTI, LLC, ROBERT L. SALDUTTI,
                    *Defendants-Appellees*.[1]

------------------------------------------------------------------------

APPEARING FOR APPELLANTS:        MICHAEL FERRARI, Ferrari & Ferrari LLP, New York, New York.

APPEARING FOR APPELLEES:         EDWARD SIMON BENSON (Joseph G. Gulino, Benjamin N. Gonson, *on the brief*), Nicoletti Gonson Spinner LLP, New York, New York, *for* Samuels and Son Seafood Co., Inc.

---

[1] The Clerk of Court respectfully is directed to amend the official caption as shown above.

THOMAS ROBERT DOMINCZYK, Maurice & Needleman P.C., Flemington, New Jersey, *for* Saldutti, LLC, and Robert L. Saldutti.

Appeal from a judgment of the United States District Court for the Southern District of New York (Victor Marrero, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on December 15, 2014, is VACATED, and the case is REMANDED to the district court with instructions to remand to New York state court.

Plaintiffs Philippe Lajaunie and 15 John Corp. sued defendants Samuels and Son Seafood Co., Saldutti, LLC, and Robert L. Saldutti in New York state court, alleging fraud in procuring a Pennsylvania state court judgment that injured plaintiffs' credit ratings. Defendants removed the case to federal court and moved for dismissal for lack of subject-matter jurisdiction under the Rooker-Feldman doctrine. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923). Plaintiffs appeal from the judgment of dismissal in defendants' favor. At oral argument Plaintiffs abandoned the appeal with respect to the district court's conclusion that the Rooker-Feldman doctrine deprives the federal courts of jurisdiction to hear the case. We therefore express no opinion on whether the district court appropriately determined that Plaintiffs' claims were barred by the Rooker-Feldman doctrine.

Plaintiffs now challenge only the district court's dismissal of the case, and argue that it should instead have remanded the case to New York state court. We agree. As we

made clear in <u>Vossbrinck v. Accredited Home Lenders, Inc.</u>, 773 F.3d 423 (2d Cir. 2014), "[t]he <u>Rooker</u>-<u>Feldman</u> doctrine pertains not to the validity of the suit but to the federal court's subject matter jurisdiction to hear it.   When a case has been removed from state court to federal court, 'if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.'"   <u>Id.</u> at 427 (quoting 28 U.S.C. § 1447(c)) (internal citation omitted).

Accordingly, we VACATE the dismissal judgment of the district court and REMAND the case to the district court with instructions to remand to New York state court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

3