IN RE: Frances Ann BARRETTA, Debtor

Frances Ann Barretta, Appellant,

v.

Wells Fargo Bank, N.A., Appellee.

Civil No. 3:15-cv-01781(AWT)

United States District Court, D. Connecticut.

Signed May 11, 2016

---

Frances A. Barretta, Meriden, CT, pro se.

Christopher A. Lynch, James M. Andriola, Reed Smith LLP, New York, NY, Linda St. Pierre, Hunt Leibert Jacobson P.C., Hartford, CT, for Appellee.

## RULING ON MOTION FOR STAY PENDING APPEAL

Alvin W. Thompson, United States District Judge

Appellant Frances Ann Barretta ("Barretta") has moved for a stay pending appeal of an order granting relief from automatic stay filed by appellee Wells Fargo Bank, N.A. ("Wells Fargo"). For the reasons set forth below, the motion for a stay pending appeal is being denied.

**632**

## I. FACTUAL AND PROCEDURAL BACKGROUND

Wells Fargo commenced a foreclosure action in Connecticut Superior Court against Barretta with respect to her property at 73 Lori Lane, Meriden, Connecticut on November 16, 2012. Barretta participated in the court's mediation program for almost a year. On April 21, 2014, Barretta filed an answer. On September 3, 2014, Wells Fargo filed a motion for summary judgment, which was granted on October 14, 2014. Final judgment in the amount of $270,014.60 was entered on December 22, 2014.

On May 7, 2015, Barretta filed a petition for relief in the United States Bankruptcy Court for the District of Connecticut pursuant to Chapter 13. In the bankruptcy case, Barretta listed Wells Fargo as a secured creditor with a debt in the amount of $270,014.60. That case was converted to a Chapter 7 case on August 31, 2015. On October 6, 2015, Wells Fargo filed a motion for relief from the automatic stay, which the Bankruptcy Court granted on November 18, 2015.

## II. LEGAL STANDARD

 Courts must consider the following four factors in deciding whether to grant a motion for stay pending appeal: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.
In re World Trade Ctr. Disaster Site Litig., 503 F.3d 167, 170 (2d Cir.2007) (quoting Hilton v. Braunskill, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987)). The party seeking the stay bears the burden of showing entitlement to the stay. See United States v. Private Sanitation Indus.

Ass'n of Nassau/Suffolk, Inc., 44 F.3d 1082, 1084 (2d Cir.1995). "A party seeking a stay pending appeal carries a heavy burden." In re Adelphia Commc'ns Corp., 333 B.R. 649, 659 (S.D.N.Y.2005).

Some courts within the Second Circuit have held that all four factors must be satisfied before a stay is granted, see In re Norwich Historic Pres. Trust, LLC, 2005 WL 977067, *3 (D.Conn.2005) (citing cases), while others have held that the court must balance the factors to determine whether a stay is appropriate, see In re Adelphia Commc'ns Corp., 361 B.R. 337, 346–47 (S.D.N.Y.2007) (citing cases). The Second Circuit has held that the factors should be evaluated on a "sliding scale" and that "[t]he necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other stay factors." Thapa v. Gonzales, 460 F.3d 323, 334 (2d Cir.2006) (internal citation and quotation marks omitted).

## III. DISCUSSION

 "The likelihood of success is typically the most important factor." Bank of New York Mellon v. Worth, No. 3:13–CV–1489 MPS, 2015 WL 1780719, at *3 (D.Conn. Apr. 20, 2015) (internal citation and quotation marks omitted). As to this factor, Barretta has not established a likelihood of success on the merits. In her opposition to Wells Fargo's motion for relief from automatic stay in the Bankruptcy Court, Barretta argued "that a factual dispute exists with regard to the holder and servicer of the note insofar as [Wells Fargo] lacks judicial standing." (Mot. for Stay, Doc. No. 4, at 4). However, as Wells Fargo correctly notes, that issue was decided by the state court when it granted final judgment in foreclosure. Thus, the Rooker–Feldman doctrine precluded the Bankruptcy Court, and precludes this court, from considering that claim.

■ The Rooker–Feldman doctrine directs federal courts to abstain from considering claims when four requirements are met: (1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced. See McKithen v. Brown, 626 F.3d 143, 154 (2d Cir.2010). The Second Circuit has held that a claim that a foreclosure judgment was obtained fraudulently is barred by the Rooker–Feldman doctrine. See Vossbrinck v. Accredited Home Lenders, Inc., 773 F.3d 423, 427 (2d Cir.2014). In Vossbrinck, the plaintiff alleged that:

> Defendants engaged in fraud during the foreclosure action by (1) misrepresenting that they had standing to seek foreclosure, when in fact [the defendant] was not the holder of [the plaintiff's] note and mortgage when the foreclosure action was initiated, and Deutsche Bank lacked standing to enter as substitute plaintiff; and (2) submitting fraudulent title documents in the state action.

Id. The court held that the Rooker–Feldman doctrine barred such claims, because:

> [the plaintiff] is asking the federal court to determine whether the state judgment was wrongfully issued in favor of parties who, contrary to their representations to the court, lacked standing to foreclose. This would require the federal court to review the state proceeding and determine that the foreclosure judgment was issued in error. And the injury of which Vossbrinck "complains" in this claim for relief, and which he seeks to have remedied, is the state foreclosure judgment. This is evident from the relief Vossbrinck requests—title to and tender of his property and, in his brief on appeal, to have the state judgment de-

clared "void." ... Rooker–Feldman bars such claims[.]

Id.

■ "[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005–06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994). Here, Barretta challenged the defendant's standing during the state court proceeding. However, she had already raised this argument when she unsuccessfully moved to open and vacate the judgment in the state case. The state court has not acted on that motion because of the automatic stay.

In In re Ward, a foreclosure sale was conducted prior to the filing of the bankruptcy petition. When the purchaser sought relief from stay in the bankruptcy case in order to proceed to evict the debtor, the debtor opposed the motion. The debtor argued that the foreclosure judgment was flawed because "no original note was produced," "the mortgage was rescinded," the plaintiff in the action "was not a proper party to the foreclosure action," and "everything was done irregularly and underneath [the] table." 423 B.R. 22 (Bankr.E.D.N.Y.2010). The court held that each of the elements of the Rooker–Feldman doctrine was satisfied:

> The Rooker–Feldman doctrine applies in this case because the Debtor lost in the state court foreclosure action, the Foreclosure Judgment was rendered before the Debtor commenced this case, and the Debtor seeks this Court's review of the Foreclosure Judgment in the context of her opposition to the Purchaser's motion for relief from the automatic stay. The injury complained of, i.e., the foreclosure sale to the Purchaser, was

caused by the Foreclosure Judgment because the foreclosure sale would not have occurred but-for the Foreclosure Judgment. Accordingly, the <u>Rooker–Feldman</u> doctrine does not permit this Court to disregard the Foreclosure Judgment.

<u>Id.,</u> 423 B.R. at 28 (citations, alterations, and quotation marks omitted).

In light of the foregoing, Barretta has not even arguably established a likelihood of success.

■ As to the other three factors, only irreparable harm weighs in Barretta's favor, and it is outweighed by the factors that weigh against her. In <u>Bank of New York Mellon v. Bell</u>, the court denied a motion for stay pending appeal where the defendants were homeowners challenging the plaintiff's attempts to foreclose on their home. The court held:

> In light of a balancing of all [four] factors, I conclude that a stay is not warranted here. First, defendants have not made a strong showing of success on the merits. They had a full and fair trial, and the claims that they continue to press are based mostly on a surmise that there has been fraud and a grand conspiracy against them. I might think differently of this case if there were a significant issue of law in the balance for an appellate court to resolve, but defendants raise factbound ... claims that the evidence against them was false or fabricated. Second, defendants will suffer irreparable harm because of the loss of the house in which they presently live with their children. But this consideration should be balanced with the fact that they have already had the benefit of living for free in that house for more than seven years, because they have

failed to pay any mortgage or property taxes. Their "harm" in this sense is that they may be required—like the rest of the population in general—to pay for their own housing. In addition, they have had many months ... to prepare to move to another home. Third, issuance of a stay would substantially injure plaintiff, because plaintiff would continue to bear the risk of a loss of property value and the burden to continue paying property taxes throughout the months and years that an appeal could last. Fourth, the public interest is not significantly affected one way or another by this case.

> In short, although defendants will suffer irreparable harm from the loss of their house, this factor is strongly outweighed by other factors as described above.

No. 3:11–CV–1255 JAM, 2015 WL 2184280, at *2 (D.Conn. May 9, 2015). That analysis applies equally here. While Barretta will suffer irreparable harm from the loss of her house, Wells Fargo would be substantially injured in a case where the opposing party has not even arguably established a likelihood of success on the merits, and the public interest does not weigh in favor of a stay.

## IV. CONCLUSION

For the reasons set forth above, Barretta's Motion for Stay Pending Appeal of Order (Doc. No. 4) is hereby DENIED.

It is so ordered.