**Dr. Arif S. IZMIRLIGIL,**
**Plaintiff–Appellant,**

v.

**Thomas F. WHELAN, Individually and in his Official Capacity as Justice of the State of New York, Supreme Court of Suffolk County, Defendant–Appellee.**

**15–3010–cv**

United States Court of Appeals,
Second Circuit.

September 2, 2016

For Plaintiff–Appellant: Arif S. Izmirligil, pro se, Miller Place, New York.

For Defendant–Appellee: Mark H. Shawhan, Assistant Solicitor General of Counsel (Steven C. Wu, Deputy Solicitor General, on the brief), for Barbara D. Underwood, Solicitor General and Eric T. Schneiderman, Attorney General of the State of New York, New York, New York.

PRESENT: JOHN M. WALKER, JR., DENNY CHIN, RAYMOND J. LOHIER, JR., Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Arif Izmirligil appeals the judgment of the district court entered August 28, 2015, dismissing his 42 U.S.C. § 1983 complaint in favor of defendant-appellee Thomas F. Whelan, presiding justice of the New York State Supreme Court, Suffolk County. By an amended opinion and order dated August 25, 2015 and accompanying denial in part of Izmirligil's motion for reconsideration of an earlier order, the district court granted Whelan's motion to dismiss Izmirligil's complaint on the grounds that his claims were barred by sovereign and judicial immunity. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's dismissal for lack of subject matter jurisdiction *de novo*, *Rivers v. McLeod*, 252 F.3d 99, 101 (2d Cir. 2001), and the denial of a motion for reconsideration for abuse of discretion, *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). We may affirm on any basis for which there is a sufficient record, *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993), and may consider issues related to subject matter jurisdiction at any time, even those raised for the first time on appeal, *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008); *see* Fed. R. Civ. P. 12(h)(3).

Upon review, rather than affirm for the reasons stated by the district court, we affirm on the basis that Izmirligil's claims are barred by the *Rooker–Feldman* doctrine. "Under the *Rooker–Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to

appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014). The *Rooker–Feldman* doctrine has four requirements: "(1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced." *Id.* (internal quotation marks and alterations omitted).

Those requirements have been met here. Izmirligil lost in state court and the order "of which [he] 'complains' ... and which he seeks to have remedied" was rendered before he filed his complaint below. *Id.* at 427. Because Izmirligil is essentially seeking review of the state court proceedings, the *Rooker–Feldman* doctrine bars his claims. *Id.*; *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005) (observing that the "paradigm" *Rooker–Feldman* case involves a plaintiff "repair[ing] to federal court to undo" a state judgment). For the same reason, we conclude that the district court did not abuse its discretion in denying Izmirligil's request for reconsideration of the dismissal order.

We have considered Izmirligil's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.