15-3010
*Izmirligil v. Whelan*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of September, two thousand sixteen.

PRESENT:    JOHN M. WALKER, JR.,
            DENNY CHIN,
            RAYMOND J. LOHIER, JR.,
                          *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DR. ARIF S. IZMIRLIGIL,

                          *Plaintiff-Appellant*,

            v.                                                15-3010-cv

THOMAS F. WHELAN, Individually and in his
Official Capacity as Justice of the State of New York,
Supreme Court of Suffolk County,
                          *Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        Arif S. Izmirligil, *pro se*, Miller Place, New
                                York.

FOR DEFENDANT-APPELLEE:          Mark H. Shawhan, Assistant Solicitor General of Counsel (Steven C. Wu, Deputy Solicitor General, *on the brief*), *for* Barbara D. Underwood, Solicitor General *and* Eric T. Schneiderman, Attorney General of the State of New York, New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Arif Izmirligil appeals the judgment of the district court entered August 28, 2015, dismissing his 42 U.S.C. § 1983 complaint in favor of defendant-appellee Thomas F. Whelan, presiding justice of the New York State Supreme Court, Suffolk County.  By an amended opinion and order dated August 25, 2015 and accompanying denial in part of Izmirligil's motion for reconsideration of an earlier order, the district court granted Whelan's motion to dismiss Izmirligil's complaint on the grounds that his claims were barred by sovereign and judicial immunity.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's dismissal for lack of subject matter jurisdiction *de novo*, *Rivers v. McLeod*, 252 F.3d 99, 101 (2d Cir. 2001), and the denial of a motion for reconsideration for abuse of discretion, *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).  We may affirm on any basis for which there is a sufficient

record, *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993), and may consider issues related to subject matter jurisdiction at any time, even those raised for the first time on appeal, *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008); *see* Fed. R. Civ. P. 12(h)(3).

Upon review, rather than affirm for the reasons stated by the district court, we affirm on the basis that Izmirligil's claims are barred by the *Rooker-Feldman* doctrine. "Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014). The *Rooker-Feldman* doctrine has four requirements: "(1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced." *Id.* (internal quotation marks and alterations omitted).

Those requirements have been met here. Izmirligil lost in state court and the order "of which [he] 'complains' . . . and which he seeks to have remedied" was rendered before he filed his complaint below. *Id.* at 427. Because Izmirligil is essentially seeking review of the state court proceedings, the *Rooker-Feldman* doctrine bars his claims. *Id.*; *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) (observing that the "paradigm" *Rooker-Feldman* case involves a plaintiff "repair[ing] to federal court to undo" a state judgment). For the same reason, we

conclude that the district court did not abuse its discretion in denying Izmirligil's request for reconsideration of the dismissal order.

We have considered Izmirligil's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk