18-2196-cv
*Fiorilla v. Citigroup*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1ˢᵗ day of July, two thousand nineteen.

PRESENT:   JOSÉ A. CABRANES,
          REENA RAGGI,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges.*

---

JOHN LEOPOLDO FIORILLA, INDIVIDUALLY AND AS
TRUSTEE TO FBO JOHN LEOPOLDO FIORILLA TRUST U/A/D/
6-25-2003,

     *Plaintiff-Appellant,*     18-2196-cv

     v.

CITIGROUP GLOBAL MARKETS, INC., EDWARD JAMES
MULCAHU, JR.,

     *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**   BERNARD V. KLEINMAN, Law Office of
               Bernard V. Kleinman PLLC, Somers, NY.

**FOR DEFENDANTS-APPELLEES:**   AUDRA J. SOLOWAY, Paul, Weiss, Rifkind,
               Wharton & Garrison LLP, New York,
               NY.

1

Appeal from the June 27, 2018 judgment of the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant John Leopoldo Fiorilla, individually and as trustee to FBO John Leopoldo Fiorilla Trust U/A/D/ 6-25-2003 ("Fiorilla"), appeals the dismissal of his second amended complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Fiorilla contends that the District Court erred in concluding that the entirety of his second amended complaint was barred by the so-called "*Rooker-Feldman*" doctrine. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal of a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). "In so doing, we accept the complaint's material allegations as true, and we draw all reasonable inferences in the plaintiffs' favor." *Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 725 (2d Cir. 2017).

Fiorilla does not dispute that he sues to set aside a state court judgment, which is generally barred by the *Rooker-Feldman* doctrine. But he contends that the District Court erred in dismissing his complaint because there is a "fraud-on the-court" exception to the doctrine. He is wrong. We have clearly held that a plaintiff cannot rely on allegations that the state court judgment at issue "was obtained fraudulently" to avoid application of the *Rooker-Feldman* doctrine. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014). As we have explained, "[t]his would require the federal court to review the state proceedings and determine that the . . . judgment was issued in error," which *Rooker-Feldman* instructs we cannot do. *Id.* Accordingly, the District Court correctly determined that Fiorilla could not circumvent the *Rooker-Feldman* bar by alleging that the state court judgment was fraudulently obtained.

Fiorella next contends that the District Court erred in finding that his damages claim against defendants for their alleged fraud on the courts is barred by *Rooker-Feldman*. Fiorella argues that this claim is independent of any state court judgment because it is a suit against the defendants for their conduct before the court (not a request to set aside a state judgment) and, therefore, does not involve the type of "review and rejection" of state court judgments that *Rooker-Feldman* precludes. *Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 94 (2d Cir. 2015) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). This argument is unavailing. Fiorella's fraud claim is "based upon the fraud perpetrated upon the state court," Appellant Br. 37, and the only "damage" Fiorella identifies from defendants' alleged fraud comes from the unfavorable state court judgment.

Accordingly, his fraud claim "invite[s] ... review and rejection of that judgment," which is precisely what *Rooker-Feldman* bars. *Vossbrinck*, 773 F.3d at 426 (quoting *Hoblock v. Albany Cnty. Bd. of Elecs.*, 422 F.3d 77, 85 (2d Cir. 2005)). The District Court did not err in concluding that this claim is barred by *Rooker-Feldman*.

## CONCLUSION

We have reviewed all of the arguments raised by Fiorilla on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the June 27, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk