Sticesen v. Fay

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of August, two thousand nineteen.

PRESENT:
> JON O. NEWMAN,
> PETER W. HALL,
> > *Circuit Judges*,
> CLAIRE R. KELLY,
> > *Judge.**

---

Peter Sticesen,

> *Plaintiff-Appellant*,

> v.                                                                                      18-1974

Jessica Fay, FKA Jessica Roberts, Paul McConnell, Esq., Honorable Robert Nastri, Jr.,

> *Defendants-Appellees*,

John and Jane Does, 1–100.

> *Defendants*.

---

FOR PLAINTIFF-APPELLANT:                          Peter Sticesen, pro se, Vernon, CT.

---

* Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.

**FOR DEFENDANTS-APPELLEES:**   Michael K. Skold, Assistant Attorney General, *for* William Tong, Attorney General of the State of Connecticut, Hartford, CT (for Robert Nastri); Jane S. Bietz, Nuzzo & Roberts LLC. Cheshire, CT (for Jessica Fay and Paul McConnell).

Appeal from a judgment of the United States District Court for the District of Connecticut (Byrant, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Appellant Peter Sticesen, pro se, sued his ex-wife Jessica Fay, her attorney Paul McConnell, and Robert Nastri, Jr., the Connecticut family court judge overseeing his child custody case, alleging that the defendants violated his constitutional rights when his ex-wife repeatedly violated their custody agreement; her attorney was overzealous in his representation of her; and the judge failed to enforce the custody agreements. He also asserted state law claims for misrepresentation and intentional infliction of emotional distress. The district court sua sponte dismissed the complaint for lack of subject matter jurisdiction, ruling that Sticesen's claims were barred by the *Rooker-Feldman* doctrine and the domestic relations exception to federal jurisdiction. It also concluded that the family court judge was immune from suit. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This court reviews *de novo* a district court's application of the *Rooker-Feldman* doctrine. *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005). It reviews *de novo* the sua sponte dismissal of a complaint. *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004).

2

The *Rooker-Feldman* doctrine states that federal courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine applies where the federal court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state-court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014). Applying that standard, we conclude that the district court erred by dismissing the entire complaint on *Rooker-Feldman* grounds.

Although the *Rooker-Feldman* doctrine bars Sticesen's claims against Nastri because he complains about Nastri's decisions as a family court judge, it does not bar his claims against Fay and McConnell. Sticesen alleged that Fay harmed him by intentionally and maliciously "interfer[ing] with . . . [Sticesen's] parenting time" and McConnell harmed him by overzealously and unethically advocating on Fay's behalf. Neither of these injuries stem from a state-court judgment because both alleged injuries occurred before Nastri issued any orders and may well have occurred even if Nastri had been enforcing the child custody agreement as Sticesen wished. *See Hoblock*, 422 F.3d at 88 ("[A] federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it.").

Nevertheless, we affirm the district court's dismissal of the constitutional claim against Fay and McConnell pursuant to Rule 12(b)(6) (failure to state a claim upon which relief can be granted).

3

*See Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993) ("We may affirm. . . on any basis for which there is a record sufficient to permit conclusions of law, including grounds upon which the district court did not rely."). To be liable under the Fourteenth Amendment, a defendant must either be a state actor, *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999), or a plaintiff must show that a private defendant acted in concert with a state actor to commit an unconstitutional act, *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). Sticesen has not alleged that Fay and McConnell were state actors or that they conspired with Nastri to deprive him of his due process rights. Sticesen asserts only that Fay and McConnell conspired, "while" Nastri "has ignored the laws and stood in the way[.]" These assertions are insufficient to allege that Nastri and the other defendants were working in concert. The constitutional claim, therefore, was properly dismissed.

We have reviewed the remainder of Sticesen's arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4