Miller v. Carrasquilla

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of November, two thousand twenty.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> AMALYA L. KEARSE,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

Josephine Smalls Miller,

　　　　　*Plaintiff-Appellant*,

　　v.　　　　　　　　　　　　　　　　　　　　　19-3586

Karyl Carrasquilla and Michael Bowler, in their individual and official capacities,

　　　　　*Defendants-Appellees.*\*

_____

---

\* The Clerk of Court is directed to amend the caption on this Court's docket to conform to the caption on this order.

1

**FOR PLAINTIFF-APPELLANT:**    JOSEPHINE SMALLS MILLER, pro se, Danbury, CT.

**FOR DEFENDANTS-APPELLEES:**    MICHAEL K. SKOLD (Clare Kindall, Solicitor General, *on the brief*), Assistant Attorney General, *for* William Tong, Attorney General of the State of Connecticut, Hartford, CT.

Appeal from a judgment and order of the United States District Court for the District of Connecticut (Shea, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED**.

Appellant Josephine Smalls Miller, an attorney proceeding pro se, appeals the district court's judgment dismissing her complaint and its order denying her Federal Rule of Civil Procedure 60(b) motion. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

To the extent the Appellant challenges the judgment, she has not established that the district court erred in dismissing her complaint. Specifically, she does not address whether the district court erred in concluding that the Appellees were immune from suit, or that the Appellant had failed to state a claim that they had violated her right to due process or equal protection, and therefore has waived any challenge to those dispositive rulings. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) (explaining that "[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal"); *see also Holtz v. Rockefeller & Co.*, 258 F.3d 62, 82 n.4 (2d Cir. 2001) (noting that, unlike most pro se litigants, a pro se attorney is not ordinarily entitled to a liberal construction of her brief). Since those rulings are by

2

themselves sufficient independent grounds to uphold the district court, the Court need not address the Appellant's challenges to the district court's other reasons for dismissing the action. *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 428 (2d Cir. 2014) (affirming dismissal of certain claims because appellant had waived any argument as to the district court's alternative grounds for dismissal).

We review the denial of a Rule 60(b) motion for abuse of discretion. *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 109 (2d Cir. 2012). We find no abuse of discretion here. The Appellant's Rule 60(b) motion did not assert any specific action by the Appellees or otherwise discuss evidence relevant to the merits of the district court's judgment. *See Boule v. Hutton*, 328 F.3d 84, 95 (2d Cir. 2003) ("Rule 60(b)(2) provides relief when the movant presents newly discovered evidence that could not have been discovered earlier *and that is relevant to the merits of the litigation*." (emphasis added)).

We have considered all of the Appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment and order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3