Yany's Garden LLC v. City of New York

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1ˢᵗ day of February, two thousand twenty-two.

PRESENT:
> MICHAEL H. PARK,
> BETH ROBINSON,
> > *Circuit Judges*,
>
> JED S. RAKOFF,*
> > *District Judge*.

_____

YANY'S GARDEN LLC, NARUL TONY HACK,

> *Plaintiffs-Appellants*,

v.        20-3419

CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF BUILDINGS, NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT, RASSOUL AZARNEJAD, AMY MARCUS, PHILLIP MATTOON, DENNIS ZAMBOTTI, SCALA CONTRACTING CO. INC., NYCTL 2012A TRUST, THE BANK OF NEW YORK MELLON, as Collateral Agent and Custodian for the NYCTL 2012A TRUST, JOHN DOE 1-10,

> *Defendants-Appellees.*

_____

* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR PLAINTIFFS-APPELLANTS:**    DAVID YAN, Law Offices of David Yan, Flushing, NY.

**FOR DEFENDANTS-APPELLEES:**    TAHIRIH M. SADRIEH (Scott Shorr, *on the brief*), Assistant Corporation Counsel, *for* James E. Johnson, Corporation Counsel of the City of New York, New York, NY.

DON ABRAHAM, Bronster, LLP, New York, NY.

Appeal from a judgment and orders of the United States District Court for the Eastern District of New York (Garaufis, *J.* and Komitee, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and orders of the district court are **AFFIRMED**.

Plaintiffs Narul Tony Hack and Yany's Garden LLC, successive owners of a property located in Queens ("the Property"), filed suit under 42 U.S.C. § 1983 and several state-law causes of action in connection with a tax lien placed on the Property. As alleged,[1] Hack partially constructed a building on the Property between 2004 and 2005. In September 2010, a New York City ("City") Department of Buildings inspector determined that the open basement foundation of the property required "emergency work" under N.Y.C. Admin. Code § 28-215.1 and issued an "Emergency Declaration." The City ordered the emergency work to be completed by Scala Contracting Co., Inc. ("Scala"), which performed the work in October 2010 and billed the City about $17,000. In December 2010, the City placed a tax lien on the property for that amount and related fees, and in August 2012, it sold the tax lien to NYCTL 2012-A Trust ("NYCTL"), which in turn obtained a judgment of foreclosure on February 3, 2017. At some point, Yany's Garden

---

[1] The following facts are taken from Appellants' amended complaint ("Complaint"), which we assume to be true for the purposes of this appeal. *See Darby v. Greenman*, 14 F.4th 124, 125 n.1 (2d Cir. 2021).

LLC became the owner of the Property after purchasing it from Hack. The Complaint does not say when or how Hack became aware of the Emergency Declaration or Scala's repairs; it states only that Hack was not provided with notice of either.

On May 11, 2018, Plaintiffs sued the City and several of its departments and employees, along with Scala, NYCTL and its collateral agent and custodian, and ten unnamed defendants. Plaintiffs brought a Section 1983 claim for alleged violations of Hack's rights under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution. The Complaint also raises several state tort claims, a state constitutional claim, and a claim for "illegal tax lien foreclosure" ("illegal foreclosure claim").

On January 14, 2020, the district court dismissed the Section 1983 count for failure to state a claim after determining that Plaintiffs had filed their complaint after the statute of limitations had lapsed.[2] It dismissed the state tort claims against the City, its departments, and its employees ("Municipal Defendants") for failure to plead compliance with New York's notice-of-claim requirement, N.Y. Gen. Mun. Law §§ 50-e, -i, -k.[3] It also dismissed the illegal foreclosure claim for lack of jurisdiction under the *Rooker-Feldman* doctrine. Plaintiffs moved for reconsideration and leave to amend, which the court denied on September 2, 2020. On January 27, 2021, the district court dismissed the remaining state constitutional claim against the Municipal Defendants under 28 U.S.C. § 1367, which allows courts to "decline to exercise supplemental jurisdiction" over state-law claims where all claims raising federal questions have been dismissed. *Id.* § 1367(c), (c)(3).

---

[2] The district court initially dismissed the Section 1983 claim against all Defendants but Scala, which did not make an appearance. The court later dismissed the claim against Scala sua sponte and declined to exercise supplemental jurisdiction over remaining state-law claims against Scala.

[3] Appellants do not challenge this determination on appeal.

We review dismissal for failure to state a claim de novo. *Bacon v. Phelps*, 961 F.3d 533, 540 (2d Cir. 2020). Lack of jurisdiction under the *Rooker-Feldman* doctrine is also reviewed de novo. *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005). We review a denial of leave to amend and refusal to exercise supplemental jurisdiction for abuse of discretion. *See Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012); *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 118 (2d Cir. 2013). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

First, the district court correctly found Plaintiffs' Section 1983 claim to be time-barred. "Section 1983 actions in New York are subject to a three-year statute of limitations, running from the time a plaintiff knows or has reason to know of the injury giving rise to the claim." *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015) (cleaned up). Here, Scala completed its construction work—which included erecting an eight-foot chain link fence on the Property—in 2010. The City also issued Hack a Statement of Account detailing the charges on June 10, 2011. But Plaintiffs did not file their complaint until May 11, 2018. The district court thus concluded that Hack either knew or "had reason to know the basis of his alleged injury" far earlier than three years before the date of his complaint. App'x at 28. Hack argues that it was a question for the jury whether he was on notice of his alleged injury in 2010 or 2011. But contrary to Hack's view, the district court's role at the motion to dismiss stage is to determine whether a complaint's factual allegations "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). We affirm the district court's determination that Hack failed to plead facts supporting his assertion that he did not know or have reason to know of the alleged violation until 2015.[4]

---

[4] Plaintiffs also argue that the statute of limitations should be equitably tolled under the continuing violation doctrine. But this argument was not raised below in opposition to Defendants' motion to dismiss or in support of Plaintiffs' motion for reconsideration. It was briefly alluded to only in two sentences in a post-argument letter, and

Second, the district court correctly dismissed Plaintiffs' "illegal tax lien foreclosure sale" claim for lack of jurisdiction under the *Rooker-Feldman* doctrine. The four criteria for dismissal under *Rooker-Feldman* are "(1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (cleaned up). The district court concluded that, although Plaintiffs did not explain what their source of law was for the illegal foreclosure claim, the claim met the test for dismissal because "[g]ranting . . . relief on this claim . . . would necessarily involve the court overturning the judgment of foreclosure entered by the state court." App'x at 31. On appeal, Plaintiffs attempt to recast their claims as alleging constitutional violations under Section 1983 and argue that such framing renders the judgment of foreclosure merely a "collateral issue" to the illegal foreclosure claim. But the district court observed below that Plaintiffs conceded that the "illegal tax lien foreclosure" count was raised under state law, not federal law. *See* App'x at 44. We also agree with the district court that the Complaint clearly frames the Section 1983 claim as a challenge to the 2010 Emergency Declaration and resulting construction work, not to the 2018 foreclosure sale. *Compare* Compl. ¶¶ 89–106 (Section 1983 claim), *with id.* ¶¶ 139–149 ("illegal tax lien foreclosure" claim).[5] The district court thus correctly dismissed the illegal foreclosure claim for lack of jurisdiction under the *Rooker-Feldman* doctrine.

the district court never addressed it. The issue was thus not "properly raised below" and we decline to consider it. *Caiola v. Citibank, N.A.*, 295 F.3d 312, 328 (2d Cir. 2002); *cf. Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 53 (2d Cir. 2012) ("We generally will not consider an argument on appeal that was raised for the first time below in a motion for reconsideration." (cleaned up)). We also reject Plaintiffs' argument, relying on an inoperative provision of the New York City Administrative Code, that an actual notice standard is required. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007) (holding that "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law").

[5] The "illegal tax lien foreclosure" claim also contains a paragraph stating that the claim "aris[es] out of the

Third, the district court did not abuse its discretion by denying Plaintiffs leave to file a second amended complaint. The court denied leave to amend because Plaintiffs' proposed amended complaint came over twenty-one months after the lawsuit was filed, after most claims had already been dismissed, and without any formal motion to amend or any explanation for the delay. We detect no abuse of discretion in this decision.

Finally, the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over the remaining state-law claims.[6] "[A]s a general proposition, . . . if all federal claims are dismissed before trial, the state claims should be dismissed as well." *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 56 (2d Cir. 2004) (cleaned up). Plaintiffs provide no indication that "there has been substantial expenditure in time, effort, and money in preparing the dependent claims" that would militate in favor of retaining jurisdiction. *Id.* (quoting *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994)). We thus conclude that the district court acted within its discretion in declining to exercise jurisdiction over the remaining state-law claims.

We have considered the remainder of Plaintiffs' arguments and find them to be without merit. For the foregoing reasons, we affirm the judgment and orders of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

same facts and circumstances as the federal claims herein," implying that it does not state a separate federal claim on its own. Compl. ¶ 140.

[6] These include the remaining due process claim under state constitutional law and all state-law claims against Scala. *See supra* note 2.

6