18-2084-cv
*Watkins v. City of New York*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28ᵗʰ day of May, two thousand nineteen.

PRESENT:   JOHN M. WALKER, JR.,
                    JOSÉ A. CABRANES,
                    PETER W. HALL,
                              *Circuit Judges.*

_____

SHAWNNEKA T. WATKINS,

            *Plaintiff-Appellant,*                18-2084-cv

          v.

CITY OF NEW YORK,

            *Defendant-Appellee.**

_____

---

* The Clerk of Court is respectfully directed to amend the official caption as set forth above.

**FOR PLAINTIFF-APPELLANT:**      Shawnneka T. Watkins, *pro se*, Brooklyn, NY.

**FOR DEFENDANT-APPELLEE:**      Deborah A. Brenner, Assistant Corporation Counsel, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (William F. Kuntz, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 20, 2018 judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Shawnneka T. Watkins ("Watkins"), *pro se*, appeals from a judgment of the District Court dismissing her claim under 42 U.S.C. § 1983 against Defendant-Appellee City of New York and certain related entities (jointly, "Defendants"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review the grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013).

As an initial matter, neither the record nor Watkins's submissions on appeal provide much insight into the nature of her claim or the basis for this appeal. Of course, "[w]e liberally construe pleadings and briefs submitted by pro se litigants" and "read[ ] such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted). But even a *pro se* litigant must "set out identifiable arguments in his [or her] principal brief." *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016) (internal quotation marks omitted). Watkins largely fails to do so. We are mindful, however, that the District Court granted Defendants' motion to dismiss in a one-sentence text order that set forth no reasoning for its decision. We therefore review several possible bases on which the motion might have been granted. *See Dettelis v. Sharbaugh*, 919 F.3d 161, 163 (2d Cir. 2019) ("We may affirm [dismissal] on any ground that finds support in the record.").[1]

---

[1] We do not generally require that district courts set forth in exhaustive detail their rationale for dismissing actions brought by *pro se* litigants. But "notions of simple fairness suggest that a pro se litigant should receive an explanation before his or her suit is thrown out of court." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). Although we proceed here to review certain bases for dismissal raised

*First*, the District Court lacked subject-matter jurisdiction over this action under the *Rooker-Feldman* doctrine, which precludes federal district courts from exercising jurisdiction "over cases that essentially amount to appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014). The doctrine applies when a plaintiff who has commenced a federal action (1) "lost in state court"; (2) "complains of injuries caused by a state court judgment"; (3) "invites . . . review and rejection of that judgment"; and (4) commenced the federal action after the state court judgment was rendered. *Id.* (internal quotation marks and brackets omitted).

Here, all four requirements are satisfied. The gravamen of Watkins's complaint appears to be that the Defendants conspired to "fix" a proceeding before the New York Commission of Human Rights (the "Commission") to Watkins's detriment. Documents filed along with Watkins's complaint show that the Commission rejected Watkins's employment-discrimination claim in May 2011, that the New York State Supreme Court affirmed the Commission's decision in July 2013, and that Watkins failed to perfect her appeal to the Appellate Division before ultimately commencing this action in December 2016. Watkins's attempt to relitigate the state court proceedings in federal court is therefore precluded by the *Rooker-Feldman* doctrine.

*Second*, even if the district court had subject-matter jurisdiction over this action, Watkins's claim is untimely. Under New York law, which governs this question, a § 1983 claim must be brought within three years of the date the claim accrues. *See Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009). Watkins's claim accrued, at the latest, when the Supreme Court affirmed the Commission's decision in June 2013. *See Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002) ("[W]e have ruled that accrual occurs when the plaintiff knows or has reason to know of the injury which is the basis of his action." (internal quotation marks omitted)). Because Watkins did not commence this action until December 2016—three years and six months later—her § 1983 claim is time-barred.

In sum, we see no error in the District Court's decision to grant Defendants' motion to dismiss. We have reviewed all of the arguments raised by Watkins on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the June 20, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

in Defendants' motion, we note that a statement of reasons by the District Court would have facilitated our review.