18-2119-cv
*Ho-Shing v. Budd*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of June, two thousand nineteen.

PRESENT:  RALPH K. WINTER,
JOSÉ A. CABRANES,
REENA RAGGI,
*Circuit Judges.*

---

LAWSON HO-SHING,

*Plaintiff-Appellant*,                                          18-2119-cv

v.

ALEXANDER M. BUDD, ESQ., SHAPIRO, DICARO & BARAK, LLC, WELLS FARGO BANK, N.A., GERALDINE JOHNSON,

*Defendants-Appellees*,

HERMAN JOHN KENNERTY,

*Defendant.*

---

1

FOR PLAINTIFF-APPELLANT:     Lawson Ho-Shing, *pro se*, Bronx, NY.

FOR DEFENDANTS-APPELLEES
WELLS FARGO BANK, N.A. AND
GERALDINE JOHNSON:      Lisa J. Fried, Chava Brandriss, and Robin
                L. Muir, Hogan Lovells US LLP, New
                York, NY.

FOR DEFENDANTS-APPELLEES
ALEXANDER M. BUDD, ESQ. AND
SHAPIRO, DICARO & BARAK, LLC:  John A. DiCaro, Shapiro, DiCaro &
                Barak, LLC, Rochester, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lorna G. Schofield, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 18, 2018 judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Lawson Ho-Shing ("Ho-Shing"), proceeding *pro se*, appeals from a judgment of the District Court dismissing, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6), his claims against Defendants-Appellees Alexander M. Budd, Shapiro, DiCaro & Barak, LLC, Wells Fargo Bank, N.A. ("Wells Fargo"), and Geraldine Johnson (jointly, "Defendants"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review the grant of a motion to dismiss [under Rule 12(b)(6)] *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (same for motions to dismiss under Rule 12(b)(1)).

As an initial matter, Ho-Shing does not challenge the District Court's conclusion that his claims against Wells Fargo are barred by the doctrine of res judicata. He has therefore waived any such argument. *See Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (holding that *pro se* litigant waived challenge to issue where he "did not make any mention of [it] in his brief"); *see also Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 632–33 (2d Cir. 2016) ("Although we accord filings from pro se litigants a high degree of solicitude, even a litigant representing himself is obliged to set out identifiable arguments in his principal brief." (internal quotation marks omitted)).

To the extent that Ho-Shing has adequately addressed the District Court's remaining conclusions, we reject his arguments on the merits. *First*, we agree that Ho-Shing's claims for injunctive relief, which are plainly designed to relitigate a state court foreclosure action decided adversely to him, are barred by the *Rooker-Feldman* doctrine. This well-known doctrine precludes federal district courts from exercising jurisdiction "over cases that essentially amount to appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014). The doctrine applies when a plaintiff who has commenced a federal action (1) "lost in state court"; (2) "complains of injuries caused by a state court judgment"; (3) "invites . . . review and rejection of that judgment"; and (4) commenced the federal action after the state court judgment was rendered. *Id.* (internal quotation marks and brackets omitted). All of the requirements are satisfied here. Ho-Shing lost in state court; complains of injury caused by, and invites the District Court to review and reject, the state court judgment; and commenced these proceedings one month after the state court issued the judgment.

*Second*, the District Court correctly concluded that Ho-Shing's remaining claims are barred by the doctrine of collateral estoppel. "Under New York law, [collateral estoppel] occurs if (1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *Vargas v. City of New York*, 377 F.3d 200, 205–06 (2d Cir. 2004) (internal quotation marks omitted); *accord Kaufman v. Eli Lilly & Co.*, 65 N.Y.2d 449, 455–56 (1985). The gravamen of Ho-Shing's claim is that Defendants fraudulently induced the state court to grant Wells Fargo a judgment of foreclosure. As the District Court observed, Ho-Shing raised and litigated this very issue before the state court, which necessarily rejected Ho-Shing's argument. That some of the Defendants were not parties to the foreclosure action does not change the result. *See Schwartz v. Pub. Adm'r of Bronx Cty.*, 24 N.Y.2d 65, 70 (1969) ("[I]n a long series of cases . . . we have permitted a defensive use of collateral estoppel so long as there was an identity of issues, and the party against whom the estoppel was being asserted had a full opportunity to contest the issue."). The fraud-based claims against those Defendants arise from the same circumstances and were therefore also necessarily rejected by the state court.

We have reviewed all of the arguments raised by Ho-Shing on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the May 18, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3