19-2204-cv
*Borrani v. Nationstar Mortg. LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand twenty.

PRESENT:   DENNY CHIN,
           SUSAN L. CARNEY,
           STEVEN J. MENASHI,
                  *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

GRACE BORRANI,
                  *Plaintiff-Appellant,*

          -v-                                      19-2204-cv

NATIONSTAR MORTGAGE LLC, DBA MR.
COOPER,
                  *Defendant-Appellee.*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

     \*    The Clerk of the Court is respectfully directed to amend the official caption to conform to the above.

FOR PLAINTIFF-APPELLANT:		Grace Borrani, *pro se*, Yonkers, New York.

FOR DEFENDANT-APPELLEE:		CHARLES H. JEANFREAU (Brian P. Scibetta, *on the brief*), McCalla Raymer Leibert Pierce, LLC, Iselin, New Jersey.

Appeal from the United States District Court for the Southern District of New York (Karas, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In 2013, plaintiff-appellant Grace Borrani defaulted on a mortgage and was placed in state court foreclosure proceedings by the holder of her mortgage note, defendant-appellee Nationstar Mortgage LLC ("Nationstar"). In response, Borrani argued that Nationstar did not possess a valid mortgage note and that Nationstar and its counsel, Shapiro, DiCaro & Barak, LLP ("SDB"), had violated numerous federal and state laws. Nationstar moved for summary judgment. The state court granted the motion and entered a judgment of foreclosure in December 2016.

Before Nationstar could hold the foreclosure sale, Borrani, proceeding *pro se*, filed the instant action against Nationstar and SDB. She alleged that Nationstar and SDB violated various federal and state laws by fraudulently foreclosing on her property. The district court dismissed the complaint, reasoning that it lacked jurisdiction over Borrani's claims challenging the legitimacy of the foreclosure judgment, pursuant to the *Rooker-Feldman* doctrine, and that Borrani's remaining claims

2

were barred by res judicata.[1]  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[2]

"We review the grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor."  *Fink v. Time Warner Cable*, 714 F.3d 739, 740-41 (2d Cir. 2013).  We also review *de novo* a district court's application of the *Rooker-Feldman* doctrine and res judicata.  *See Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005) (*Rooker-Feldman* doctrine); *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (res judicata).

### I.  *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine establishes the principle that federal courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp.*

---

[1]  The district court declined to address Borrani's claims against SDB because SDB was not properly served and was never a party to the lawsuit.  For this reason, we decline to consider the claims raised against SDB.

[2]   Although final judgment has not been entered below, "the deadline imposed by the district court for amendment has passed," *Festa v. Local 3 Int'l Bhd. of Elec. Workers*, 905 F.2d 35, 37 (2d Cir. 1990), Borrani has failed to effectuate service on SDB, and she has instead filed a separate complaint against Nationstar, *see Borrani v. Nationstar Mortg. LLC*, No. 7:20-cv-1444 (S.D.N.Y., filed Feb. 19, 2020).  On these facts, we will treat Borrani's appeal as an appeal from a final judgment.  *See Slayton v. Am. Express Co.*, 460 F.3d 215, 224 n.7 (2d Cir. 2006).

*v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014).

The district court properly concluded that it lacked jurisdiction, pursuant to the *Rooker-Feldman* doctrine, over Borrani's Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961; wire fraud, fraud and deceit, 18 U.S.C. §§ 1343 and 1503; and emotional distress claims (claims 1-5 and 9). All of these claims are based on injuries caused by the state court's judgment of foreclosure against Borrani and invite the federal court to review that judgment. The state-court judgment of foreclosure was rendered before Borrani began federal proceedings because she filed her federal complaint on December 1, 2017, more than thirty days after the December 5, 2016, judgment of foreclosure and sale was entered. *See* N.Y. C.P.L.R. § 5513 (establishing thirty-day deadline for appeal); *see also Federacion de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R.*, 410 F.3d 17, 25 (1st Cir. 2005) ("[I]f a lower state court issues a judgment and the losing party allows for the time for appeal to expire, then the state proceedings have ended."); *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 89 (2d Cir. 2005) (citing *Federacion*, 410 F.3d at 25). Accordingly, the district court properly applied the *Rooker-Feldman* doctrine to these claims.

II.    *Res Judicata*

The district court also properly concluded that the remaining claims against Nationstar were barred by res judicata. In New York, "the doctrine of res

4

judicata gives binding effect to the judgment of a court of competent jurisdiction and prevents the parties to an action, and those in privity with them, from subsequently relitigating any questions that were necessarily decided therein." *Watts v. Swiss Bank Corp.*, 27 N.Y.2d 270, 277 (1970) (internal quotation marks and emphasis omitted). "[I]f claims arise out of the same factual grouping they are deemed to be part of the same cause of action and the later claim will be barred without regard to whether it is based upon different legal theories or seeks different or additional relief." *Davidson v. Capuano*, 792 F.2d 275, 278 (2d Cir. 1986) (internal quotation marks omitted).

Res judicata barred Borrani's remaining claims against Nationstar. Both Nationstar and Borrani were parties to the state court action, and the grant of summary judgment was a final judgment on the merits. Further, Borrani's remaining Fair Debt Collection Procedures Act ("FDCPA"), 15 U.S.C. § 1692; Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617; Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601 and Regulation Z, 12 C.F.R. §§ 226, 1026; and unjust enrichment claims arose from the same factual grouping that supported her defenses in the state foreclosure case. Here, Borrani asserted either identical claims, *e.g.*, that Nationstar had violated TILA and Regulation Z, or claims that were based on the same facts, *e.g.*, that Nationstar had failed to comply with federal and state regulations regarding its collection of mortgage payments and was not the real owner of her mortgage note. Because Borrani had an opportunity to raise these issues in the state foreclosure action

5

and that case was decided on the merits, her substantially identical claims here are barred by res judicata.

* * *

We have considered the Borrani's remaining arguments and conclude they are without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk