**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1489
_____

IBRAHIM YILMAZ SORAL;
ZEKI DONUK;
FULYA DONUK,
                              Appellants

v.

WILMINGTON TRUST NA, Successor Trustee to Citibank, NA as Trustee on
behalf of The Registered Holders of Structured Asset Mortgage Investments II
Trust 2007-AR6 on behalf of Mortgage-Pass-Through Certificates on behalf of
Series 2007-AR6; JP MORGAN CHASE BANK; DOES 1-100
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:19-cv-16625)
District Judge:  Honorable Esther Salas
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 25, 2020

Before: JORDAN, BIBAS and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed September 25, 2020)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se Appellants Ibrahim Yilmaz Soral, Zeki Donuk, and Fulya Donuk ("Appellants") appeal after the District Court dismissed their lawsuit against Appellees Wilmington Trust, N.A. ("Wilmington Trust") and JP Morgan Chase Bank ("JP Morgan") (together, "Appellees"), which brought claims based on a mortgage foreclosure. For the reasons detailed below, we will affirm.

In February 2015, Wilmington Trust initiated a foreclosure action against Appellants in the Superior Court of New Jersey for Union County, seeking to foreclose on a 2007 mortgage loan collateralized by real property. Appellants filed an answer, contesting the validity of the mortgage loan and the foreclosure judgment, and raising affirmative defenses. In March 2017, Wilmington Trust's motion for summary judgment was granted, and, in September 2017, final judgment was entered in its favor.

In October 2018, Appellants filed a civil action in the Superior Court of New Jersey for Union County, naming several defendants, including Wilmington Trust and JP Morgan, and again attacked the validity of the mortgage loan and foreclosure judgment (the "Civil Action"). In February 2019, the Superior Court dismissed the Civil Action, with prejudice, for failure to state a claim.

In August 2019, Appellants filed this action against Appellees, once again attacking the validity of the mortgage loan and the foreclosure judgment. Appellants brought claims for violations of the New Jersey Consumer Fraud Act, the Truth-In-Lending Act and the Fair Debt Collection Practices Act, fraudulent conduct concerning

2

the mortgage loan, and violations of their due-process rights during the Foreclosure Action. Appellants sought punitive damages and requested that the foreclosure judgment be vacated and that Appellees be permanently enjoined from foreclosing and evicting them from the property.

Appellees filed a motion to dismiss, which the District Court granted on December 6, 2019. The District Court held that it lacked jurisdiction over Appellants' claims pursuant to the Rooker-Feldman doctrine,[1] and that any claims over which the Court had jurisdiction were barred by New Jersey's entire controversy doctrine. On January 2, 2020, Appellants filed a motion for reconsideration, which the District Court denied as untimely on February 24, 2020, under its Local Rule 7.1(i).[2] On March 4, 2020, Appellants filed their notice of appeal.

To begin, we address Appellees' argument that the appeal was untimely filed, thus depriving us of jurisdiction over this appeal. See Fed. R. App. P. 4(a)(1)(A) (30 days to file a notice of appeal). Appellees contend that the motion for reconsideration did not toll the time to appeal because it was denied as untimely pursuant to Local Rule 7.1(i), and, therefore, the March 4, 2020 notice of appeal was untimely. Cf. Fed. R. App. P. 4(a)(4)(A). Appellees are mistaken for two reasons. First, the motion for reconsideration cited no specific rule under which it was brought but asked the District Court to alter and

---

[1] See D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923).

[2] Local Rule 7.1(i) provides 14 days to file a motion for reconsideration.

amend its order of December 6, 2019.  Under our precedent, we construe such a motion for reconsideration as having been filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  See Wiest v. Lynch, 710 F.3d 121, 127 (3d Cir. 2013).  The motion for reconsideration here was filed "within the time allowed by" Rule 59(e), Fed. R. App. P. 4(a)(4)(a)(iv), no later than 28 days after the order dismissing the complaint was entered on the docket, see Fed. R. Civ. P. 59(e).  Accordingly, the motion for reconsideration tolled the time to file a notice of appeal, and the notice of  appeal was timely because it was filed within 28 days of the order denying the motion for reconsideration.  See Fed. R. App. P. 4(a)(4)(A)(iv).

Second, the District Court's order dismissing the complaint did not comply with the separate judgment rule.  See Fed. R. Civ. P. 58(a) ("Every judgment and amended judgment must be set out in a separate document[.]").  Thus, judgment was deemed entered 150 days after the dismissal order, i.e., on May 4, 2020.  See Fed. R. Civ. P. 58(c)(2)(B); Fed. R. App. P. 4(a)(7)(A)(ii) (providing that where a separate document is required but not entered, the appeal period begins to run after "150 days have run from the entry of the judgment or order in the civil docket ….").  The fact that Appellants filed their notice of appeal prior to the formal entry of judgment does not prevent this Court from exercising jurisdiction.  See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 224 n.5 (3d Cir. 2007); Fed. R. App. P. 4(a)(2), 4(a)(7)(B).

We thus have jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review over the Court's order dismissing the complaint.  See Great W. Mining & Min. Co. v.

4

Fox Rothschild LLP, 615 F.3d 159, 163 (3d Cir. 2010). We review for abuse of discretion the District Court's denial of reconsideration. See Wiest, 710 F.3d at 128.

We agree with the District Court that the Rooker-Feldman doctrine bars much, if not all, of Appellants' suit. The doctrine precludes federal court consideration of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). It is a narrow doctrine, limited to cases with claims, such as here, where the complained-of injury stems directly from state court proceedings. See Great W. Mining, 615 F.3d at 167. In the District Court, Appellants complained of injuries stemming from the foreclosure judgment issued by the state court, and challenged the judgment's validity. They sought to have the District Court vacate the judgment and enjoin appellees from foreclosing on the property or evicting them. These are precisely the type of claims that Rooker-Feldman precludes. See Vossbrinck v. Accredited Home Lenders, Inc., 773 F.3d 423, 427 (2d Cir. 2014) (holding that Rooker-Feldman barred plaintiff's suit "ask[ing] the federal court to grant him title to his property because the foreclosure judgment was obtained fraudulently").

Arguably, however, Appellants sought to do more in this federal action than just appeal the state court's judgments. For example, the complaint contained allegations that the methods or evidence employed by Appellees in the Foreclosure Action were the products of fraud or conspiracy. Furthermore, in addition to requesting that the foreclosure judgment be vacated, Appellants requested punitive damages. Regardless,

5

any claims that may be construed as going beyond the purview of Rooker-Feldman are barred by one of two doctrines. With regard to the claims in this action that are duplicative of claims raised in the Civil Action, those claims are barred by res judicata, given that final judgments were entered in state court, Appellees were defendants in the Civil Action, and the same causes of action were raised in this suit. See Hoffman v. Nordic Nats., Inc., 837 F.3d 272, 279 ("Both New Jersey and federal law apply res judicata or claim preclusion when three circumstances are present: '(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.'") (quoting In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008)). With regard to any claims in this action that were not raised in the Foreclosure Action or the Civil Action, those claims are barred by New Jersey's entire controversy doctrine. See Mullarkey, 536 F.3d at 229 (noting that the entire controversy doctrine requires a party to bring all related claims in a single action "against a particular adversary or be precluded from bringing a second action based on the omitted claims against that party").

Turning to the motion for reconsideration, we note that the District Court may have erred in relying on a local rule that conflicts with the Federal Rules, see In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 459 (3d Cir. 2000), but any such error was harmless. Appellants' motion for reconsideration did not meaningfully address or challenge the District Court's grounds for dismissal or do anything more than reassert meritless arguments. The motion thus did not state a basis for Rule 59(e) relief, see Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010), and the District Court did not

6

abuse its discretion in denying it.

Based on the foregoing, we will affirm the District Court's dismissal of the complaint and denial of the motion for reconsideration.