19-920-cv
Wilson v. HSBC Bank, USA

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand twenty.

PRESENT:   BARRINGTON D. PARKER,
　　　　　　 DENNY CHIN,
　　　　　　　　　 *Circuit Judges*,
　　　　　　 TIMOTHY STANCEU,\*
　　　　　　　　　 *Judge*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SHERWIN A. WILSON,

　　　　　　　　　 *Plaintiff-Appellant*,


　　　　 -v-　　　　　　　　　　　　　　　　　　　　 19-920-cv


HSBC BANK, USA,

　　　　　　　　　 *Defendant-Appellee*,


MORTGAGEIT, INC., a corporation, ALL PERSONS
AND ENTITIES WITH INTEREST IN REAL
PROPERTY LOCATED AT 4 WILLIAM STREET,

---

\*　　　Chief Judge Timothy Stanceu, of the United States Court of International Trade, sitting by designation.

OSSINING, NEW YORK, DOES 1-100, MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC., as a
nominee of MORTGAGEIT, INC., PRUDENTIAL
RAND REALTY, INC., a business,

*Defendants*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


FOR PLAINTIFF-APPELLANT:        SHERWIN A. WILSON, *pro se*, Ossining, New
                                York.

FOR DEFENDANT-APPELLEE:         PATRICK G. BRODERICK, Greenberg Traurig,
                                LLP, New York, New York.


Appeal from the United States District Court for the Southern District of New York (Román, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Sherwin Wilson, proceeding *pro se*, sued defendant-appellee HSBC Bank, USA ("HSBC"), and defendants MortgageIT, Inc. ("MortgageIT"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Prudential Rand Realty, Inc. ("Prudential"), and other unidentified individuals and entities in connection with a mortgage loan on property in Ossining, New York, and its subsequent foreclosure, raising fourteen claims under state and federal law. The district court, by opinion and order entered on March 1, 2019, granted defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and (6), holding that certain claims were barred by the

2

*Rooker-Feldman* doctrine, certain claims were barred by res judicata, and two claims failed to state a plausible claim. The court entered judgment against Wilson on March 4, 2019. This appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal from a judgment dismissing an action for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "we review factual findings for clear error and legal conclusions *de novo*." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (internal quotation marks omitted). In resolving a Rule 12(b)(1) motion, a district court "may refer to evidence outside the pleadings." *Id.* We review the grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "*de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013). In addition to the complaint, courts may consider documents that are "integral" to the complaint. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (a document is integral to the complaint "where the complaint relies heavily upon its terms and effect"). A district court's application of the *Rooker-Feldman* doctrine or res judicata is a legal question reviewed *de novo*. *See Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005) (*Rooker-Feldman*); *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (res judicata).

3

As a preliminary matter, Wilson's appeal challenges only the dismissal of claims based on the *Rooker-Feldman* doctrine and res judicata. Wilson raises no challenge to the district court's dismissal of his Fair Credit Reporting Act or § 1983 claims or its denial of his motion for leave to amend his complaint to add a defendant. He has accordingly waived these issues, and we decline to consider them. *See LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("[W]e need not manufacture claims of error for an appellant proceeding *pro se*, especially when he has raised an issue below and elected not to pursue it on appeal."). We address Wilson's arguments concerning the *Rooker-Feldman* doctrine and res judicata in turn.

## I. Rooker-Feldman *Doctrine*

Under the *Rooker-Feldman* doctrine, lower federal courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine applies where the federal-court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state-court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered. *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014).

4

The district court properly found that it lacked jurisdiction over six of Wilson's claims pursuant to this doctrine.

The foreclosure judgment satisfies the first and fourth elements of the *Rooker-Feldman* doctrine: the state court ruled against Wilson, and the judgment was entered in March 2016 -- more than 30 days before the October 2016 commencement of this action. *See* N.Y. C.P.L.R. § 5513(a) (establishing thirty-day deadline for appeal). Wilson's second, third, sixth, seventh, ninth, and twelfth causes of action each complained of injuries resulting from the foreclosure judgment and invited the federal court to review and reject that judgment, satisfying the two remaining *Rooker-Feldman* requirements.

The premise of each of these claims was that Wilson suffered an injury when the state court erroneously determined the amount due on the loan, the enforceability of the loan terms, or ownership of the note and property in entering the foreclosure judgment, and the relief requested involved undoing that judgment. *Cf. Vossbrinck*, 773 F.3d at 427 (finding it "evident from the relief [plaintiff] request[ed]" -- title and tender of property and a declaration that a state judgment was void -- that the injury complained of was a state foreclosure judgment). To resolve these claims in Wilson's favor, the district court would have to determine that the state court entered its judgment in error. Accordingly, the court properly applied the *Rooker-Feldman* doctrine to these claims.

5

## II.     *Res Judicata*

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, a federal court must apply New York res judicata law to New York state court judgments. *See Hoblock*, 422 F.3d at 93. In New York, "[r]es judicata gives binding effect to the judgment of a court of competent jurisdiction and prevents the parties to an action, and those in privity with them, from subsequently relitigating any questions that were necessarily decided therein." *Watts v. Swiss Bank Corp.*, 27 N.Y.2d 270, 277 (1970) (internal quotation marks omitted). Under New York's transactional approach to res judicata, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *Giannone v. York Tape & Label, Inc.*, 548 F.3d 191, 194 (2d Cir. 2008) (internal quotation marks omitted); *see also Maharaj v. BankAmerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997) (explaining that a second cause of action "involves the same transaction or connected series of transactions as the earlier suit" if it "requires the same evidence to support it and is based on facts that were also present in the first." (internal quotation marks omitted)). The district court properly found that Wilson's first, fourth, fifth, eighth, tenth, and eleventh causes of actions -- the only other claims at issue on appeal -- were barred by res judicata, as the foreclosure judgment was a final judgment and an adjudication on the merits.

These remaining causes of action all arise out of the same facts as those underlying the foreclosure judgment. The first alleged that the defendants negligently maintained inaccurate records of his mortgage loan; the fourth alleged that the defendants or others committed a fraud by misrepresenting the loan terms and the consequences of withholding payments; the fifth and tenth alleged a breach of contract and breach of an implied covenant of good faith and fair dealing by reneging on a promise to modify or novate the loan and not to foreclose on it; the eighth alleged that a company demanded payments on the loan for amounts not owed; and the eleventh alleged a civil conspiracy to collect money not owed in connection with the loan.

Wilson's argument that his claims in this action rely on facts postdating the 2006 loan creation is unavailing; the issue is whether he could have raised his claims during the subsequent foreclosure proceedings, in which judgment was not entered until 2016. To the extent Wilson argues that defendants engaged in misconduct after the 2016 foreclosure judgment was entered, these allegations did not appear in his complaint and played no part in the causes of action that the district court dismissed as barred by res judicata. Wilson's assertion that he could not have raised claims for damages as a defendant in a foreclosure action is incorrect: he had a right to assert counterclaims in that action. *See* N.Y. C.P.L.R. § 402.

Finally, Wilson, HSBC, MortgageIT, and MERS were all parties to both the state foreclosure action and the present federal action, and the requirements of res

7

judicata are satisfied with respect to those parties. Without specifically identifying Prudential, Wilson argues on appeal that res judicata is inapplicable because the parties are not identical in the present action. While four of the causes of action dismissed on res judicata grounds were nominally asserted against "all defendants" or "all defendants . . . except the credit reporting agency defendants," there are no allegations connecting these claims to Prudential. We therefore affirm the dismissal of these claims against Prudential as frivolous. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (recognizing district court's inherent authority to dismiss a complaint *sua sponte* as frivolous); *see also Cox v. Onondaga Cty. Sheriff's Dep't*, 760 F.3d 139, 145 (2d Cir. 2014) (the Court may affirm on any grounds with support in the record).

Accordingly, the court properly applied res judicata to these claims.

* * *

We have considered Wilson's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8