Barlow v. Nationstar Mortgage LLC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th of March, two thousand twenty-two.

PRESENT: Dennis Jacobs,
Richard C. Wesley,
Steven J. Menashi,
*Circuit Judges.*

_____

MICHAEL BARLOW,

*Plaintiff-Appellant,*

v.                                                      No. 21-1483

NATIONSTAR MORTGAGE LLC,
a Delaware limited liability company,
BANK OF AMERICA, N.A.,
a national corporation,
FIRST FRANKLIN FINANCE CORPORATION,
a Delaware corporation,

*Defendants-Appellees,*

_____

For Plaintiff-Appellant:               Michael Barlow, pro se, Sanborn, N.Y.

For Defendants-Appellees:        Charles Jeanfreau, McCalla Raymer Leibert Pierce, LLC, Iselin, NJ, *for* Nationstar Mortgage LLC.

Connie Flores Jones, Winston & Strawn LLP, Houston, TX, *for* Bank of America, N.A., and First Franklin Finance Corporation.

Appeal from a judgment of the United States District Court for the Western District of New York (Vilardo, J.; Schroeder, M.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In 2018, Michael Barlow sued Bank of America, N.A. ("Bank of America"), Nationstar Mortgage LLC ("Nationstar"), and First Franklin Finance Corporation ("First Franklin"), alleging fraud, misrepresentation, and violations of N.Y. Gen. Bus. Law § 349 and N.Y. Real Prop. Law §§ 1303, 1304, 1320, and seeking relief from a 2016 state court judgment of foreclosure based on his failure to make loan

2

payments to the defendants.[1] Barlow also had filed a previous complaint on the same issues against Bank of America and Nationstar in 2016 in district court; the district court dismissed that complaint pursuant to the *Rooker-Feldman* doctrine. *Barlow v. Nationstar Mortg., Inc.*, No. 16-cv-818, 2017 WL 397329, at *2 (W.D.N.Y. Jan. 30, 2017). After the defendants moved to dismiss Barlow's amended complaint in the instant action, the district court adopted the magistrate judge's recommendation to dismiss based on the *Rooker-Feldman* doctrine and denied leave to amend. Barlow appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the grant of a motion to dismiss for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine. *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005). We afford pro se litigants "special solicitude" by interpreting a complaint filed pro se "to raise the strongest claims that it suggests." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks and alterations omitted). In addition to the complaint, we may consider

---

[1] The state court foreclosure action was brought in 2013 by U.S. Bank, National Association ("U.S. Bank"). First Franklin had assigned Barlow's mortgage to U.S. Bank in 2012.

3

documents that are "integral" to the complaint, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (noting that a document is integral to the complaint "where the complaint relies heavily upon its terms and effect") (internal quotation marks omitted), as well as "any matters of which judicial notice may be taken," including public documents. *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995).

Under the *Rooker-Feldman* doctrine, lower federal courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). It applies if the plaintiff (1) lost in state court, (2) complains of injuries caused by the state court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014). The doctrine "recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction

4

over state-court judgments," with such jurisdiction reserved exclusively to the Supreme Court. *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002).

The district court properly found that it lacked jurisdiction under *Rooker-Feldman*.[2] First, Barlow lost in state court. In his opposition to U.S. Bank's motion for foreclosure in state court, he argued that Bank of America and Nationstar falsely stated that he had "escrow account" deficiencies and had "cheated and deceived" him by "distorting" the amounts he owed on his mortgage. The state court rejected his arguments by entering a judgment of foreclosure, meaning that it ruled *for* U.S. Bank and *against* Barlow. The adverse state court decision satisfies *Rooker-Feldman*'s first prong.[3]

---

[2] Barlow waives any challenge to the district court's denial of leave to amend by not raising it in his appellate brief. *See* Fed. R. App. P. 28(a)(5)-(8); *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("[W]e need not manufacture claims of error for an appellant proceeding *pro se*, especially when he has raised an issue below and elected not to pursue it on appeal.").

[3] On appeal, Barlow contends that it was U.S. Bank's claims—not his—that were brought before the state court, meaning that he could not have "lost" those proceedings for purposes of *Rooker-Feldman*. His argument is unavailing. *Rooker-Feldman* is concerned with state-court *judgments*, and the foreclosure judgment was indisputably adverse to Barlow.

Second, the injuries of which Barlow complains were caused by the state court judgment. We have applied *Rooker-Feldman* when the relief sought by a plaintiff demonstrated that the injury was the state foreclosure judgment itself. *See Vossbrinck*, 773 F.3d at 427 ("[T]he injury of which Vossbrinck 'complains' in this claim for relief, and which he seeks to have remedied, is the state foreclosure judgment. This is evident from the relief [he] requests—title to and tender of his property and … to have the state judgment declared 'void.'"). In this case, the primary relief Barlow sought—including a TRO and injunction against foreclosure "activity" and an "accounting" of his loan payments—was based on the foreclosure judgment and the amount that the state court determined he owed on his mortgage. Seeking additional relief, Barlow also alleged the following injuries: he had "suffered extreme emotional distress" due to the foreclosure proceedings; he "ha[d] suffered damages since the … Loan's delinquency caused [his] … Property to fall into foreclosure proceedings"; he had "lost equity"; and he had "suffered the slander of his [reputation] due to the fact that … foreclosure proceedings [were] attributed to him and reported to credit reporting agencies." These injuries followed from the state court judgment of foreclosure on his

property: without that event, he would not have otherwise suffered emotional distress, loss of equity, reputational harm, and credit issues. Because Barlow requested relief from foreclosure "activity" and its associated impacts, the state court judgment caused the alleged harms, satisfying *Rooker-Feldman*'s second prong.

His argument to the contrary—that his injuries were *not* caused by the state court because the alleged fraud and misrepresentation existed prior to the foreclosure judgment and therefore are separate torts—is meritless. During the foreclosure action, he alleged that the amount due on his mortgage was incorrect and that Nationstar had "cheated and deceived" him (that is, defrauded him) by "distorting" the amounts he owed. However, even if he could establish that the alleged fraud "existed" prior to the state court judgment, that fact would be irrelevant because the injuries that he claimed in district court, as noted above, were produced by the foreclosure judgment, and the primary remedies he sought could be addressed only by reversing it. *See Dorce v. City of New York*, 2 F.4th 82, 105 (2d Cir. 2021) (concluding that "[b]y effecting the divestiture of Plaintiffs' interest in their property, the state court judgments … directly inflicted the injury

7

complained of").

Third, Barlow's action "invite[d] review and rejection of [the state court] judgment." *Vossbrinck*, 773 F.3d at 426 (alteration omitted) (quoting *Hoblock*, 422 F.3d at 85). In *Vossbrinck*, this court held that the third prong of *Rooker-Feldman* was met when the plaintiff "ask[ed] the federal court to grant him title to his property because the foreclosure judgment was obtained fraudulently"; entertaining such a request for relief would "require the federal court to review the state proceedings and determine that the foreclosure judgment was issued in error." *Id.* at 427. Likewise, Barlow's claims that he had been, among other things, "cheated and deceived" would require a federal court to determine that the state court erroneously entered the foreclosure judgment.

Fourth, the "state judgment was rendered before the district court proceedings commenced." *Id.* at 426 (internal quotation marks omitted). In this case, the state court entered a judgment of foreclosure in September 2016, which Barlow never appealed. The district court action under review was filed in August 2018.

Because the four *Rooker-Feldman* factors are met in this case, the district court

correctly determined that it lacked subject-matter jurisdiction. This court therefore does not reach alternative grounds for dismissal, such as res judicata or failure to state a claim for relief. *Moodie v. Fed. Rsrv. Bank of N.Y.*, 58 F.3d 879, 882 (2d Cir. 1995).

We have considered Barlow's remaining arguments, which are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

9