25-1201-cv
Binder v. Cap. One Bank, N.A.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of December, two thousand twenty-five.

PRESENT:  JOSÉ A. CABRANES,
            BARRINGTON D. PARKER,
            RAYMOND J. LOHIER, JR.,
                *Circuit Judges*.

-----------------------------------------------------------------

NEIL BINDER,

        *Plaintiff-Appellant*,

        v.                                                      No. 25-1201-cv

CAPITAL ONE BANK, N.A.,

        *Defendant-Appellee*,

FAWBS, INC.,

        *Intervenor-Defendant-Appellee*.

-----------------------------------------------------------------

FOR APPELLANT:  Neil Binder, *pro se*,
Westhampton Beach, NY

FOR APPELLEE CAPITAL ONE:  Philip A. Goldstein,
McGuireWoods LLP, New
York, NY

FOR APPELLEE FAWBS:  No appearance

Appeal from a judgment of the United States District Court for the

Southern District of New York (Vernon S. Broderick, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff Neil Binder, representing himself, appeals from a judgment of the

United States District Court for the Southern District of New York (Broderick, *J.*)

dismissing his complaint against Defendant Capital One Bank, N.A. for lack of

subject matter jurisdiction.[1]  We assume the parties' familiarity with the

underlying facts and the record of prior proceedings, to which we refer only as

necessary to explain our decision to affirm.

---

[1] After dismissing the case on March 28, 2024, the District Court did not enter final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.  Judgment therefore would have been entered by default 150 days after entry of the dismissal order, *see* Fed. R. Civ. P. 58(c)(2)(B), but Binder filed a motion for reconsideration during that period.  Binder timely filed this appeal after the District Court denied that motion. *See Nutraceutical Corp. v. Lambert*, 586 U.S. 188, 197 (2019).

In November 2019 a New Jersey State court entered judgment in favor of Capital One on a breach of contract claim against FAWBS, Inc., a company in which Binder was vice-president and owned a 50 percent share. The state court action concerned a July 2018 settlement agreement (the "Settlement Agreement") among Binder, FAWBS, and Capital One to settle a debt that Binder owed to Capital One. The state court concluded that FAWBS committed "a clear violation of the terms of the [Settlement A]greement," App'x 21, by paying Binder but not Capital One, and it ordered FAWBS to pay Binder's future distributions to Capital One until Binder's debt was satisfied. In March 2022 Binder brought the present action, which the District Court dismissed for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine. Binder filed a motion for reconsideration, arguing that the *Rooker–Feldman* doctrine does not apply because he was not a formal party to the New Jersey action. The District Court denied the motion, concluding that *Rooker–Feldman* applied because Binder is an alter ego of FAWBS.

"Under the *Rooker–Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014). "There are four requirements for the application of *Rooker–Feldman*: (1) the federal-court

3

plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced." *Id.* (cleaned up). "Because *Rooker–Feldman* [implicates] subject-matter jurisdiction, we review de novo [a] district court's application of the doctrine." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005). We also "afford a special solicitude to *pro se* litigants" in the form of "liberal construction of pleadings . . . and appellate briefs[.]" *Rosa v. Doe*, 86 F.4th 1001, 1007 (2d Cir. 2023) (quotation marks omitted).

Binder first contends that he never "lost in state court" because FAWBS was the only named defendant in the New Jersey State court action. *Vossbrinck*, 773 F.3d at 426. We disagree. The New Jersey court found that the Settlement Agreement had been breached and thus ordered FAWBS to pay Capital One as described above. Under *Rooker–Feldman*, "[s]omeone who loses an ownership interest in property" in a state court proceeding, as Binder did in the New Jersey action, "has lost in state court," even if he was "not [a] named part[y] to the state action." *See Dorce v. City of New York*, 2 F.4th 82, 102 (2d Cir. 2021).[2]

_____

[2] Having reached this result, we need not resolve whether a federal court plaintiff who is an alter ego to a state court loser has "lost in state court" under *Rooker–Feldman*. *Vossbrinck*, 773 F.3d at 426; *see Lance v. Dennis*, 546 U.S. 459, 466 & n.2 (2006).

Binder also asserts that he "does not seek to overturn the New Jersey [S]tate court judgment" and instead brings "independent" claims. Appellant's Br. 4. We are not persuaded. The main premise of Binder's claims against Capital One is that he "never defaulted on the [Settlement] Agreement." Supp. App'x 2. But the New Jersey court reached the contrary conclusion. For Binder to prevail in the present action, the District Court would have to "review and reject[]" that determination. *Vossbrinck*, 773 F.3d at 426 (quotation marks omitted). We therefore conclude that the District Court did not err in applying the *Rooker–Feldman* doctrine here.

We have considered Binder's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5